RUSSELL, Admrx., etc. v. ECKSTEIN.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7278. Decided June 18, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**1235. VERDICTS.**
Verdict of $3,000 for damages for wrongfully causing death of man whose life expectancy was about 21 years, and whose earning capacity, during his lifetime, was approx-

imately $2,000 to $2,500 per year, so grossly inadequate as to compel reversal.

Error to Common Pleas.
Judgment reversed.

S. V. McMahon & F. W. Zimmerman, Cleveland, for Russell.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Eckstein.

STATEMENT OF FACTS.

In the Common Pleas Court, a verdict was returned in favor of plaintiff in error who was also plaintiff in the trial court, against the defendant in error who was also defendant in the trial court, in the sum of $3,000.00.

The cause of action was for wrongful death alleged to have been caused by the careless and negligent driving of an automobile by defendant's servant.

PER CURIAM.

The sole question presented to us is whether or not the record discloses that there was gross inadequacy in the amount of the verdict returned by the jury.

It is pointed out by plaintiff in error that the deceased, William B. Russell, at the time of his death, was fifty years old, in good health and of robust physique; that in the twenty years preceding his death he had never been seriously ill, except a minor attack of erysipelas; that in his lifetime he was a railroad freight accountant and his earnings were approximately between $2,000.00 and $2,500.00 per year, and that his life expectancy was about twenty-one years.

It is also pointed out that he was greatly devoted to his widow, Anna B. Russell, who is his sole beneficiary and heir-at-law.

Bearing in mind that the measure of damages, in all such cases, is the pecuniary expectation to his dependents or beneficiaries, it would seem at a glance that the amount represented by the verdict returned by the jury, is grossly inadequate.

Both counsel call the attention of this court to the case of Toledo Railway and Light Co. v. Mason, 81 O.S. 483.

Defendant in error cites the case of Larkins v. Ohio Electric Railway Co., 4 O. App. 37.

Mindful of the authorities cited and making due allowance for the exercise of the widest discretion by the jury, we still cannot escape the conclusion but that the verdict returned by the jury, predicated as it must be upon a finding of liability in this case, is grossly inadequate so as to compel the reversal of the judgment of the Common Pleas Court. It is accordingly ordered that the judgment of the Common Pleas Court be reversed and the case remanded.

(Sullivan, PJ., Vickery and Levine, JJ., concur.)